SHARON A. URIAS (SBN 0180642)
Sharon.urias@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: (480) 306-5458
Facsimile: (480) 306-5459

BETH-ANN E. KRIMSKY (*Pro Hac Vice* Anticipated)
beth-ann.krimsky@gmlaw.com
MEAGAN NICHOLSON (*Pro Hac Vice* Anticipated)
Meagan.nicholson@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 3330
Tel: (954) 527-2427
Fax: (954) 333-4027

*Attorneys for Plaintiff Optima Tax Relief, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTIMA TAX RELIEF, LLC, a Delaware Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>UNITED TAX DEFENSE, LLC, a California Limited Liability Company; and DOES 1 through 20<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>1. **Trademark Infringement under 15 U.S.C. § 1114;**<br>2. **Trademark Infringement under 15 U.S.C. § 1125(a)(1)(A);**<br>3. **False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a);**<br>4. **Unfair Competition [Cal. Bus. Code § 17200, *et seq*.]; and**<br>5. **Common Law Unfair Competition**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

**COMPLAINT**

Plaintiff, Optima Tax Relief, LLC ("Optima" or "Plaintiff"), for its Complaint against Defendant United Tax Defense, LLC ("UTD" or "Defendant"), states and alleges as follows:

## NATURE OF THE CASE

1. This is an action for claims including, *inter alia*, trademark infringement, false designation of origin, unfair competition, and violations of California law, arising out of Defendant's unauthorized and wrongful use of marks confusingly similar to Plaintiff's federally registered and common law trademarks in connection with identical services in commerce, creating a substantial likelihood of consumer confusion.

2. Plaintiff's exclusive ownership and senior use in commerce of its OPTIMA TAX RELIEF™ trademark and its suite of related registered marks since at least as early as 2011, predates and thus precludes, under federal and state law, Defendant's knowing, intentional, willful and wrongful use of Defendant's infringing OPTIMAL TAX RELIEF and OPTIMUM TAX RELIEF marks (collectively, the "Infringing Marks") in connection with identical services in the same markets as Plaintiff.

## PARTIES, JURISDICTION AND VENUE

3. Optima is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business located at 6 Hutton Centre Dr., Suite 200, Santa Ana, California.

4. Defendant is a limited liability company organized and existing under the laws of the state of California with its principal place of business located at 2062 Valley Rd, Costa Mesa, CA 92627.

5. Optima is unaware of the true name and capacities of the defendants sued herein as DOES 1 through 20. Optima therefore sues these defendants by such fictitious names and capacities in place of their true names. Plaintiff will amend this Complaint to allege these defendants' true names and capacities when ascertained. At all times

relevant herein mentioned, DOES 1 through 20, inclusive, and each of them, were the agents, affiliates, subsidiaries, employees and/or alter-egos of one or more Defendants, and were at all times acting within the purpose and scope of said agency and employment, and each Defendant has ratified and approved the acts of its agent; and/or DOES 1 through 20, inclusive, have acted or failed to act in concert with Defendants as alleged herein, and are responsible in some manner for the injuries and damages suffered by Plaintiff. All references to Defendant herein shall be deemed to include DOES 1 through 20, inclusive.

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1114, *et seq*, 15 U.S.C. § 1125(a) *et seq*. Furthermore, this Court has supplemental jurisdiction over Plaintiff's related California state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant has its principal place of business in this district and a substantial part of the events giving rise to the claims occurred in this district.

8. This Court has personal jurisdiction over Defendant because the claims for relief asserted in this Complaint arise out of Defendant's contacts with California and this judicial district, and because Defendant has caused injury to Optima in California and this district.

## ALLEGATIONS COMMON TO ALL CLAIMS

### Plaintiff's Trademark Rights

9. Since its inception in 2011, Optima has established itself as a market leader in the tax relief industry, providing tax resolution services to consumers. In doing so, Optima has spent considerable time and energy making sure that consumers associate its name with great service in the tax relief industry. To this end, Optima has spent

considerable sums advertising its business online and in traditional media, including radio and television advertising campaigns played across the country.

10. Over the years, Optima has continuously and exclusively utilized various trademarks in commerce that incorporate the term OPTIMA in connection with the suite of services it offers, including, among other things, tax liability negotiation and settlement, representation before tax authorities, tax and taxation planning, tax advice, as well as information and consulting services pertaining to tax resolution.

11. Optima is the exclusive owner of all rights in and to the OPTIMA TAX RELIEF™ common law trademark (the "Common Law Mark"), which Plaintiff has exclusively and continuously used in commerce and in connection with its suite of tax related services since the company's founding in June 2011.

12. In addition to its Common Law Mark, Optima also owns and has continuously and exclusively used the following registered trademarks in connection with its services, (collectively, the "Registered Marks")[1]:

    i. OptimaTax RELIEF ®, U.S. Reg. No. 4,391,736 issued on August 27, 2013 with a first use date of May 29, 2012, registered in Class 45 for "[l]egal services, namely, tax liability negotiation and settlement; Representation of clients in tax matters before tax authorities." This registration disclaims "Tax Relief";

    ii. OptimaTax PROTECTION PLAN ®, U.S. Registration No. 5,252,231 issued on July 25, 2017 with a first use date of May 26, 2016, registered in Class 35 for "[t]ax and taxation planning, advice, information and consultancy services." This registration disclaims "Tax Protection Plan";

    iii. Optima ®, U.S. Registration No. 5,619,272 issued on November 27, 2018 with a first use date of October 4, 2018, registered in:

---

[1] True and correct copies of the registration certificates are attached hereto as Exhibit A.

a. Class 35 for "[p]roviding tax planning and consulting information in the field of social media; Providing an internet website portal offering information in the fields of tax planning, preparation, and compliance; Providing an internet website portal featuring information about tax return preparation; Promoting public awareness of tax planning, tax compliance, identity theft, and tax dispute resolution services; Promoting public awareness of identity theft signs and prevention; Business assistance, advisory services, and consultancy in the fields of budgeting, bookkeeping, preparation and filing of claims, preparation and filing of forms, bill paying, organizing and processing paperwork, development of plan to achieve goals and referral services to accountants and tax preparers; Monitoring IRS and governmental administrative agency proceedings for others for business purposes; Providing tax preparation referrals; Fraud and identity theft protection services, namely, monitoring consumer credit reports, the internet and public records to facilitate the detection and prevention of identity theft and fraud, and providing an alert as to any changes therein for business purposes; Providing an interactive website featuring a portal for users to review and exchange business and commercial information about the business and payment services of others,"

b. Class 36 for "[i]dentity theft insurance consultation services; Design and development of identity theft insurance policies for others; Providing information in the field of identity theft insurance; Providing a website with client portal featuring information in the field of identity theft insurance; Providing an interactive website

featuring a client portal for users to perform financial transaction and payment processing services,"

c. Class 42 for "[p]roviding an internet website portal featuring technology enabling users to perform tax return preparation; Providing an interactive website featuring a portal featuring technology for users to review and exchange business and payment information; Fraud and identity theft protection services, namely, electronic monitoring of credit reports, the internet, and public records to facilitate the detection and prevention of identity theft and fraud via the internet," and

d. Class 45 for "[o]nline social networking services in the filed of tax and identity theft monitoring and prevention provided via a website; Fraud and identity theft protection services, namely, forensic analysis of credit reports, the internet and public records to facilitate the detection and prevention of identity theft and fraud"; and

iv. Optima®, U.S. Registration No. 6,216,981, issued on December 8, 2020 with a first use date of July 28, 2020, registered in:

a. Class 9 for "[d]ownloadable computer software and mobile software application featuring interactive client portal for communicating with clients and exchanging forms, agreements and teaching materials in the field of tax preparation, planning, and compliance; downloadable computer software and mobile application software for use in customer relationship management (CRM)," and

b. Class 41 for "[p]roviding online newsletters in the field of tax planning, preparation, and compliance."

13. Because of its continuous and widespread use of the Common Law Mark and Registered Marks in conjunction with its suite of services over the years, an

association has developed in the minds of consumers between the term OPTIMA, Plaintiff's marks, and the services provided thereunder by Plaintiff.

14. Indeed, Plaintiff's OPTIMA TAX RELIEF™ common law trademark and Registered Marks have become distinctive of Plaintiff as a source of quality goods and/or services and have acquired secondary meaning with respect to Plaintiff's goods and/or services.

**Defendant's Infringing Activities**

15. Upon information and belief, Defendant did not form until 2023, prior to which Defendant did not offer any goods or services.

16. Upon information and belief, shortly after its formation in 2023, Defendant began using, and continues to use, OPTIMUM TAX RELIEF and OPTIMAL TAX RELIEF (the "Infringing Marks") in connection with its tax relief and resolution services, including identifying itself on phone calls to consumers under both, in direct competition with Optima. True and correct copies of transcripts of two voicemails left by Defendant to consumers are attached hereto as Exhibit B.

17. Believing these communications were from Plaintiff, several concerned consumers lodged complaints with Plaintiff demanding that Plaintiff cease contact with those consumers even though Plaintiff had never had such contact. Notably, Optima did not make these calls. True and correct copies of such communications from concerned consumers to Plaintiff are attached hereto as Exhibit C.[2]

18. Defendant's use of the Infringing Marks in conjunction with its tax relief and resolution services, which are identical to the services offered by Plaintiff, has created, and continues to create, consumer confusion in the marketplace. This is particularly evident by the complaints lodged with Plaintiff by consumers regarding Defendant's activities.

---

[2] The consumers' personally identifiable information is redacted to protect the privacy interests of the consumers.

19. On or about July 15, 2024, Optima sent a written demand to Defendant that it cease and desist from its infringing activities. A true and correct copy of Optima's July 15, 2024 correspondence to UTD is attached hereto as Exhibit D.

20. On or about August 2, 2024, Defendant, by and through its counsel, sent a letter to Optima in response to the cease and desist demand in which it admitted the aforementioned use of the Infringing Marks ". . . may have resulted from a technical issue involving one of our third-party vendors" and that Defendant would take "immediate steps to cease any and all references to Optima . . . ." A true and correct copy of Defendant's August 2, 2024 correspondence to Optima is attached hereto as Exhibit E.

21. Despite Optima's July 15, 2024 letter and Defendant's assurances to the contrary, Defendant has willfully and deliberately continued to use the Infringing Marks in connection with its services.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement of the Registered Marks)
### (15 U.S.C. § 1114)

22. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs 1-21 of this Complaint as though fully set forth herein.

23. Plaintiff owns all rights and interest in its valid and subsisting trademark registrations for: (i) OptimaTax®, U.S. Reg. No. 4,391,736; (ii) OptimaTax®, U.S. Reg. No. 5,252,231; (iii) Optima®, U.S. Reg. No. 5,619,272; and (iv) Optima®, U.S. Reg. No. 6,216,981.

24. Defendant's unauthorized use in commerce of the Infringing Marks is likely to cause, and has caused confusion, mistake or deception, thus constituting trademark infringement in violation of the Lanham Act.

25. Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's senior rights in the Registered Marks and has done so with the

intent to cause confusion and trade on Plaintiff's goodwill and reputation as established through its use of Plaintiff's Registered Marks.

26. At all relevant times hereto, Defendant used and/or is using the Infringing Marks in direct competition with Plaintiff in commerce, and such use is likely to cause confusion, or to cause mistake or to deceive. Both Plaintiff and Defendant offer their identical services through the same channels of trade, including via the telephone.

27. Defendant's use of the Infringing Marks has harmed, and will continue to harm Plaintiff by causing the public to be confused or mistaken into believing that the services provided by Defendant are associated with, approved by or otherwise originating from Plaintiff and/or under Plaintiff's Registered Marks, resulting in lost sales to Plaintiff.

28. Plaintiff has no control over the nature or quality of Defendant's services under the Infringing Marks, and Plaintiff's reputation and goodwill will be damaged by Defendant's continued use of the Infringing Marks.

29. As demonstrated by Defendant's refusal to cease use of the Infringing Marks, Defendant's acts, as alleged above, if not enjoined, will continue and Plaintiff has no adequate remedy at law.

30. As a result of Defendant's infringement of the Registered Marks, Plaintiff has incurred damages in an amount to be proven at trial, consisting of Defendant's unlawful profits from use of the Infringing Marks.

31. Upon information and belief, Defendant's acts of trademark infringement were and continue to be undertaken with knowledge of Plaintiff's Registered Marks and have been willful, deliberate and in bad faith, with the intent to call to mind, create a likelihood of confusion with and/or trade off the recognition of Plaintiff and its Registered Marks, thereby making this case exceptional under 15 U.S.C. § 1117, entitling Plaintiff to recover three times the amount of its actual damages, attorneys' fees, costs and prejudgment interest.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement of Plaintiff's Common Law Mark)
### (15 U.S.C. § 1125(a)(1)(A))

32. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs 1-31 of this Complaint as though fully set forth herein.

33. Plaintiff's trademark OPTIMA TAX RELIEF™ has become distinctive of Plaintiff as a source of quality goods and/or services and has acquired secondary meaning. Plaintiff owns common law trademark rights in OPTIMA TAX RELIEF™ and the mark is protectable under 15 U.S.C. § 1125(a) and under common law.

34. Defendant's unauthorized use in commerce of the Infringing Marks is likely to cause, and has caused confusion, mistake or deception, thus constituting trademark infringement in violation of the Lanham Act.

35. At all relevant times hereto, Defendant used and/or is using the Infringing Marks in direct competition with Plaintiff in commerce, and such use is likely to cause confusion, or to cause mistake or to deceive. Both Plaintiff and Defendant offer their identical services through the same channels of trade, including via the telephone.

36. Defendant's use of the Infringing Marks has harmed, and will continue to harm Plaintiff by causing the public to be confused or mistaken into believing that the services provided by Defendant are associated with, approved by or otherwise originating from Plaintiff and/or under Plaintiff's Common Law Mark, resulting in lost sales to Plaintiff.

37. Plaintiff has no control over the nature or quality of Defendant's services under the Infringing Marks, and Plaintiff's reputation and goodwill will be damaged by Defendant's continued use of the Infringing Marks.

38. As demonstrated by Defendant's refusal to cease use of the Infringing Marks, Defendant's acts, as alleged above, if not enjoined, will continue and Plaintiff has no adequate remedy at law.

39. As a result of Defendant's infringement of the Common Law Mark, Plaintiff has incurred damages in an amount to be proven at trial, consisting of Defendant's unlawful profits from use of the Infringing Marks.

40. Upon information and belief, Defendant's acts of trademark infringement were and continue to be undertaken with knowledge of Plaintiff's Common Law Mark and have been willful, deliberate and in bad faith, with the intent to call to mind, create a likelihood of confusion with and/or trade off the recognition of Plaintiff and its Registered Marks, thereby making this case exceptional under 15 U.S.C. § 1117, entitling Plaintiff to recover three times the amount of its actual damages, attorneys' fees, costs and prejudgment interest.

## THIRD CLAIM FOR RELIEF
### (False Designation of Origin and Unfair Competition)
### (15 U.S.C. § 1125(a))

41. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs 1-21 of this Complaint as though fully set forth herein.

42. Defendant has been using the Infringing Marks in connection with its sale, offer for sale and advertising of services in direct competition with Plaintiff, which is identical or confusingly similar to Plaintiff's Registered Marks and Common Law Mark.

43. Plaintiff's Registered Marks and Common Law Mark are non-functional and inherently distinctive.

44. Defendant's use of the Infringing Marks constitutes a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's business with another person, or as to the origin, sponsorship, or approval or its goods, services or commercial activities by another person, in violation of 15 U.S.C. § 1125(a).

45. Defendant conducts its use of the Infringing Marks in commerce without authorization, permission or consent by Plaintiff. Defendant's conduct is intended to divert, and likely to divert, potential (and existing) customers away from Plaintiff.

46. Plaintiff has no control over the nature and quality of the goods and/or services that may be provided by Defendant.

47. Defendant's infringement of Plaintiff's Common Law Mark and the Registered Marks, especially in connection with goods and/or services identical to those provided by Plaintiff, dilutes and devalues Plaintiff's marks.

48. Defendant's use of the Infringing Marks in connection with its sale, offer for sale and advertising of competing goods and/or services with knowledge of Plaintiff's senior trademark rights renders Defendant's trademark infringement willful, intentional and in bad faith.

49. As demonstrated by Defendant's refusal to cease use of the Infringing Marks, Defendant's acts, as alleged above, if not enjoined, will continue and Plaintiff has no adequate remedy at law.

50. As a result of Defendant's infringement of Plaintiff's Common Law Mark and the Registered Marks, Plaintiff has incurred damages in an amount to be proven at trial, consisting of Defendant's unlawful profits from use of the Infringing Marks.

51. Upon information and belief, Defendant's acts of trademark infringement were and continue to be undertaken with knowledge of Plaintiff's Common Law Mark and Registered Marks and have been willful, deliberate, and in bad faith, with the intent to call to mind, create a likelihood of confusion with and/or trade off the recognition of Plaintiff and its Common Law Mark and Registered Marks, thereby making this case exceptional under 15 U.S.C. § 1117, entitling Plaintiff to recover three times the amount of its actual damages, attorneys' fees, costs and prejudgment interest.

/ /

/ /

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition)
### (Cal. Bus & Prof. Code § 17200 et seq.)

52. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs 1-40 of this Complaint as though fully set forth herein.

53. Business and Professions Code § 17200 states, in part, that, "[u]nfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice."

54. Defendant's conduct including, but not limited to, the unauthorized use of the Registered Marks, is "unlawful" within the meaning of section 17200 because it violates 15 U.S.C. §§ 45, 1114, and 1125(a).

55. Defendant's conduct is "unfair" within the meaning of section 17200 because Defendant knowingly, intentionally and in bad faith competes unfairly against Plaintiff by using the Infringing Marks in connection with its offering of services in direct competition to Plaintiff via the same marketing channels and to the same customers. In addition, Defendant knowingly, intentionally and in bad faith seeks to confuse and deceive Plaintiff's customers with its products and services that are marketed and sold to consumers under the Infringing Marks.

56. Upon information and belief, Defendant's wrongful use of the Infringing Marks is done in an unfair and unlawful manner to divert customers to Defendant's offering of competitive goods and services.

57. As a direct and proximate result of Defendant's wrongful conduct, as herein alleged, Plaintiff has suffered, and unless Defendant's conduct is enjoined, will continue to suffer, injury in fact and irreparable harm, to which Plaintiff has no remedy at law. Accordingly, Plaintiff is entitled to injunctive relief and corrective advertising.

## FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

58. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs 1-21 of this Complaint as though fully set forth herein.

59. Defendant's actions constitute unfair competition under applicable state common law, in that Defendant's use of the Infringing Marks is deceptively similar to Plaintiff's Common Law Mark and Registered Marks and Defendant's use of the Infringing Marks is creating and/or increasing confusion between goods and services provided by Plaintiff and Defendant, to the detriment of Plaintiff and the public.

69. As a direct and proximate result of Defendant's wrongful conduct, as herein alleged, Plaintiff has suffered and will continue to suffer damages in an amount consisting of Defendant's wrongful profits obtained from use of the Infringing Marks, to be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Optima Tax Relief prays for judgment as follows:

    A.    For judgment in its favor on each and every claim for relief set forth in the Complaint;

    B.    For injunctive relief, specifically, that Defendant and all of its officers, agents, servants, representatives, employees, attorneys, parents, subsidiaries, assigns, successors-in-interest and all other persons acting in concert with Defendant be preliminarily and permanently enjoined from:

        i.    infringing on the Plaintiff's Registered Marks and Common Law Mark;

        ii.    using any infringing marks in competition with Optima;

        iii.    doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, or investors into the belief that the products or services promoted, offered, or sponsored by Defendant emanate from or originate with Optima or their licensees, or are somehow sponsored, licensed, endorsed, authorized, affiliated, or connected with Plaintiff and/or originate from Plaintiff.

    C.    For actual damages;

    D.    For compensatory damages;

E. For disgorgement of any proceeds, gains, profits, and advantages derived from Defendant's infringements and use of the Infringing Marks;

F. For trebling of the disgorgement of any proceeds, gains, profits, and advantages and damages;

G. For a determination that this case is "exceptional" and that Defendants be ordered to pay the reasonable attorneys' fees and costs incurred by Optima in prosecuting this action pursuant to 15 U.S.C. § 1117;

H. For pre and post-judgment interest; and

I. For such other relief as the Court deems just and proper.

Dated: October, 31 2024.

Respectfully submitted,

                                              **GREENSPOON MARDER LLP**

By:  */s/ Sharon A. Urias*
      Sharon A. Urias

By:  */s/ Beth-Ann E. Krimsky*
      Beth-Ann E. Krimsky (*Pro Hac Vice* Anticipated)
      Meagan Nicholson (*Pro Hac Vice* Anticipated)

*Attorneys for Plaintiff Optima Tax Relief, LLC*

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure and L.R. 38-1.

DATED: October 31, 2024         **GREENSPOON MARDER LLP**

By:   */s/ Sharon A. Urias*
      Sharon A. Urias

*Attorney for Plaintiff Optima Tax Relief, LLC*