**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No. 8:24-cv-02374-DOC-ADS                              Date: July 10, 2025

Title: Optima Tax Relief, LLC v. United Tax Defense, LLC et al

---

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| Deborah Leman for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS [26]**

Before the Court is Plaintiff Optima Tax Relief, LLC ("Plaintiff" or "Optima") Request for Ruling on Plaintiff's Request for Attorneys' Fees and Costs ("Request for Ruling") (Dkt. 26). For the following reasons, the Court hereby GRANTS Plaintiff's Motion.

**I.   Background**

  **A. Facts**

The following facts are taken from Plaintiff's Complaint ("Complaint") (Dkt. 1). Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware with its principle place of business located in Santa Ana, California. Compl. ¶ 3. Defendant is a limited liability company organized and existing under the laws of the state of California with its principle place of business located Costa Mesa, California. *Id.* ¶ 4.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02374-DOC-ADS | Date: July 10, 2025 |
| | Page 2 |

    Since 2011, Optima alleges that it has established themselves as a market leader in the tax relief industry, providing tax resolution services to consumers. *Id.* ¶ 9. Plaintiff advertises its business online and in traditional media, including radio and television advertising campaigns played across the country. *Id.* Plaintiff has used various trademarks in commerce that incorporate the term OPTIMA in connection with the suite of services it offers, including tax liability negotiation and settlement, representation before tax authorities, tax and taxation planning, tax advice, as well as information and consulting services pertaining to tax resolution. *Id.* ¶ 10. Optima is the exclusive owner of all rights in and to the Optima Tax Relief common law trademark, which Plaintiff has exclusively and continuously used in commerce and in connection with its suite of tax related services since the company's founding in June 2011. *Id.* ¶ 11.

    Optima provided to the Court four trademarks that it owns and continuously and exclusively used in commerce and in connection with its suite of tax related services since the company's founding in June 2011. *Id.* ¶ 12. Plaintiff contends that because of Plaintiff's continuous and widespread use of the Common Law Mark and Registered Marks in conjunction with its suite of services over the years, an association has developed in the minds of consumers between the term Optima, Plaintiff's marks, and the services provided thereunder by Plaintiff. *Id.* ¶ 13. Plaintiff alleges that the OPTIMA TAX RELIEF common law trademark and Registered Marks have become distinctive of Plaintiff as a source of quality goods and/or services and have acquired secondary meaning with respect to Plaintiff's goods and/or services. *Id.* ¶ 14.

    Plaintiff contends that after Defendant's formation in 2023, Defendant began using and continues to use, OPTIMUM TAX RELIEF and OPTIMAL TAX RELEIF in connection with its tax relief and resolution services, including identifying itself on phone calls to consumers under both, in direct competition with Optima. *Id.* ¶ 16. Plaintiff states that believing these communications were from Plaintiff, several consumers lodged complaints with Plaintiff demanding Plaintiff cease contact with these consumers even though Plaintiff never had such contact. *Id.* ¶ 17.

    On or about July 15, 2024, Optima sent a written demand to Defendant that it ceases and desist from its infringing actions. *Id.* ¶ 19. On or about August 2, 2024, Defendant by and through its counsel sent a letter to Plaintiff in response to the cease and desist demand in which it admitted the aforementioned use of the Infringing Marks "… may have resulted from a technical issue involved one of [their] third-party vendors" and that Defendant would take "immediate steps to cease any and all refences to Optima…" *Id.* ¶ 20. Plaintiff alleges however that despite Plaintiff's July 15, 2024, letter and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02374-DOC-ADS　　　　　　　　　　　　Date: July 10, 2025
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

Defendant's assurances to the contrary, Defendant has willfully and deliberately continued to use the Infringing marks in connection with its services. *Id.* ¶ 21.

Plaintiff's Complaint alleged five causes of action: (1) trademark infringement of Plaintiff's registered marks, (2) trademark infringement of Plaintiff's common law mark, (3) false designation of origin and unfair competition, (4) unfair competition, and (5) common law unfair competition. *See generally* Compl. The Court granted Plaintiff's Motion for Default Judgment on February 21, 2025.

Plaintiff now requests reasonable attorneys' fees and costs.

### B. Procedural History

On October 31, 2024, Plaintiff filed the Complaint (Dkt. 1). On November 22, 2024, Plaintiff served Defendant with Complaint and Summons (Dkt. 15). Plaintiff filed a Request for the clerk to enter default against Defendant (Dkt. 16) on December 17, 2024, which was granted (Dkt. 17) on December 18, 2024. On January 31, 2025, Plaintiff filed an instant Motion with this Court asking for Default Judgment ("Motion") (Dkt. 22). The Court granted Plaintiff's Motion for Default Judgment on February 21, 2025 ("Order") (Dkt. 23) enjoining Defendant from continuing to infringe Plaintiff's trademarks.

The Court ordered Plaintiff to file its Motion for Attorney's Fees and Costs by March 2, 2025 at 5:00 pm. Order at 7. Plaintiff did not file a formal Motion for Attorney's Fees, but on February 28, 2025, Plaintiff filed a Declaration of Sharon A. Urias Regarding Plaintiff's Attorneys' Fees and Costs ("Decl. of Sharon A. Urias") (Dkt. 24) declaring a total of $51,044.50 incurred by Plaintiff in connection with this matter. Decl. of Sharon A. Urias ¶ 17. On July 8, 2025, Plaintiff filed a Request for Ruling on Plaintiff's Request for Attorneys' Fees and Costs ("Request for Ruling") (Dkt. 26).

## II. Legal Standard

### A. Lanham Act

For trademark infringement claims, Section 1117(a) of the Lanham Act permits a plaintiff to recover attorneys' fees "in exceptional cases." 15 U.S.C. § 1117(a). A case is exceptional where an infringement is "malicious, fraudulent, deliberate, or willful." *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1384 (9th Cir. 1984). The Supreme Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. 8:24-cv-02374-DOC-ADS | Date: July 10, 2025 |
| | Page 4 |

has held that an exceptional case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 545 (2014). The Court cited a "'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 1756 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

Once a court determines that a plaintiff is entitled to fees under either statute, it must decide the amount of the fee award. The Ninth Circuit employs the lodestar method to determine a reasonable attorney's fee award. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "The lodestar amount is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (internal citations omitted). To determine reasonable hourly rates, the Court must look to the prevailing rate "in the community for similar work performed by attorneys of comparable skill, experience, and reputation". *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)) (internal quotation marks omitted).

### III.  Discussion

#### A. Award of Attorneys' Fees

Plaintiff contends it is entitled to an award of attorneys' fees under the Lanham Act. Mot. at 19. The Court agrees. This Court has found that Plaintiffs have provided evidence that Defendant's conduct and infringement was willful and malicious. *See* Order at 2. Accordingly, by demonstrating that the infringement was both willful and malicious, Plaintiff's case is exceptional under *Sealy. See Sealy*, 743 F.2d at 1384 (holding that fees are available where infringement is willful or malicious). Similarly, the nonexclusive factors under *Octane*, including frivolousness, motivation, reasonableness of the claim, and the need to advance considerations of compensation and deterrence, are satisfied under the standard for the copyright infringement claim. *See Octane*, 572 U.S. at 545.

Therefore, the Court finds that an award of attorneys' fees is justified in this case.

### B. Reasonableness of Requested Fees

Once the Court determines that attorneys' fees are warranted in a given case, the Court must then assess whether the amount of fees requested are reasonable. Counsel bears the burden of establishing that the number of hours expended is reasonable by submitting detailed time records justifying the hours claimed to have been expended. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The party requesting fees first must prove the hourly rate and number of hours that go into the lodestar calculation are reasonable themselves. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The amount may be reduced if the hours are duplicative, excessive, or otherwise unnecessary. *Id.*; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

####    1.    Hourly Rate

Plaintiff requests reimbursement for time spent by six attorneys and three paralegals at the law firm of Greenspoon Marder LLP between 2024 and 2025. *See generally* Decl. of Sharon A. Urias. Counsel's hourly rate varies in accordance with their experience and position. *Id.* Hourly rates for partners at the law firm Sharon A. Urias and Beth-Ann Krimsky ranged from $735 to $920. *Id.* ¶¶ 6, 8. Associate Azadeh Gowharrizi and Daniel Nageotte's hourly rate ranged from $455 to $650. *Id.* ¶¶ 9, 12. Senior Counsel Barabara Croutch and Gavin Strube's hourly rate ranged from $545 to $875. *Id.* ¶¶ 10-11. Paralegals Marlee Grayson, Rene Vazquez, and Gabby Mangar's hourly rates ranged from $205 to $285. *Id.* ¶13-14.

The Court finds that these hourly rates are consistent with "those prevailing in the district for similar services by lawyers of reasonably comparable skill, experience and reputation," and therefore are reasonable. *See Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB-SHX, 2015 WL 1746484, at *29 (C.D. Cal. Mar. 24, 2015), *aff'd* 847 F.3d 657 (9th Cir. 2017) (finding $670 per hour to be a reasonable rate in a copyright infringement action for an associate with ten years' experience).

####    2.    Number of Hours

Plaintiff seeks $51,044.50 in attorneys' fees based on 87.71 hours worked by counsel. *See generally* Decl. of Sharon A. Urias. Plaintiff's five separate claims for trademark infringement of Plaintiff's registered marks, trademark infringement of Plaintiff's common law mark, false designation of origin and unfair competition, unfair competition under California Business and Professions Code § 17200, and common law

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02374-DOC-ADS                                         Date: July 10, 2025
                                                                                              Page 6

unfair competition are substantially congruent under state law and the Lanham Act. *See, e.g. Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986) ("The tests for infringement of a federally registered mark, ... infringement of a common law trademark, unfair competition ... and common law unfair competition involving trademarks are the same."). "[A]ttorneys' fees are recoverable only for work performed in connection with claims filed under the Lanham Act." *Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000). However, these claims have a sufficiently identical factual and legal basis such that apportionment is impossible.

Therefore, the Court finds that the number of hours for which Plaintiff seeks reimbursement is reasonable.

## IV. Disposition

For the reasons set forth above, the Court **GRANTS** Plaintiff's Request for Ruling and awards Plaintiff $51,044.50 in attorneys' fees.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                         Initials of Deputy Clerk: djl
CIVIL-GEN